Okay, our third case today is Bauman et al. v. The Department of Central Management Services. That's case number 4150569 for the appellant, Jacob Hubert. Thank you. And for the appellate, Laura M. Lunder. I want to notify the attorneys here and others in the courtroom that our third panelist is presiding in Justice Connect. He cannot be here today. However, he has read the briefs and all the materials. He'll listen to the audio recording of this proceeding, and he will ultimately fully participate in deciding the outcome of this case. Having said that, you may proceed. May it please the Court, my name is Jacob Hubert, and I represent the plaintiffs, Naomi Lopez Bauman and the Illinois Policy Institute. Under Illinois law, a plaintiff who prevails on a Freedom of Information Act claim is entitled to an award of reasonable attorney's fees and costs. The plaintiffs prevailed on their FOIA claim, and therefore they are entitled to an award of reasonable attorney's fees and costs. Illinois courts have not recognized any exception to FOIA's fee provision that would warrant denying the plaintiffs their fees in this case. And the defendant, the Illinois Department of Central Management Services, hasn't given any good reason why this court should recognize a new exception to FOIA's fee provision in this case. In the trial court, the department argued that plaintiffs were barred from receiving a fee award under the First District's decision in the Uptown case. In the Uptown case, the First District held that a nonprofit organization represented by its own employees is not entitled to a fee award under FOIA. And the department alleged that plaintiffs Illinois Policy Institute and a law firm representing it in this case, the Liberty Justice Center, are the same entity. And therefore Illinois Policy was being represented by its employees, and therefore it was barred from receiving fees under the Uptown decision. But as we've shown in our briefs, the record cannot support the conclusion that Illinois Policy and the Liberty Justice Center are the same entity. The trial court used language that's different than the language used by the Uptown court. The trial court put it in terms of a sufficient linkage. The trial court wrote, Plaintiff Illinois Policy Institute and its attorney's law firm, the Liberty Justice Center, are sufficiently linked. So can you comment on what Uptown said and why it held the way it did there, and how this case is different from an evidentiary standpoint? Well, the Uptown case simply held, again, that a nonprofit organization represented by its own employees doesn't qualify for an award of attorney fees for some of the same reasons that a pro se plaintiff wouldn't qualify for an attorney's fees. Because it is substantially similar to that in as much as a party is, in effect, representing itself. And the Uptown court held that an organization representing itself can't incur any attorney's fees that it could conceivably owe to itself. And it also said that a nonprofit organization just using its in-house resources might try to use FOIA suits just to generate fees, to generate funds for itself. But the Uptown decision didn't say anything about the situation we have here, and so it can't possibly have controlled, as the trial court said it controlled. Because here, you don't have an organization effectively representing itself. You have lawyers employed by one organization representing another organization. And so Uptown had no reason to talk about links between organizations or what links would be sufficient to justify denying fees. And so whether Uptown was right or wrong about the situation it addressed with a nonprofit represented by its own employees, it certainly doesn't control here. Because this is a different situation. And so when the trial court purported to simply apply Uptown to deny plaintiffs their fees, it was really recognizing a new exception to FOIA's fee provision under which apparently if a plaintiff and its law firm are sufficiently linked in some way, then they would not be entitled to fees under FOIA. And the trial court didn't explain how this exception it was recognizing works. It didn't say what kinds of links are sufficient to justify denying a plaintiff its fees. And it didn't say what factors it considered and relied on in concluding that these two groups were sufficiently linked. For example, it didn't say whether it's because the two groups promote each other on their respective websites or whether it's because one group provides funding to the other. And it didn't say whether it just doesn't matter that the two groups are legally separate or it doesn't matter that they have different boards of directors. It didn't say how you would weigh those things against each other. It didn't say anything about who would have the burden of proof in these things. It just summarily concluded that they were sufficiently linked. Well, was it incumbent on the trial court to make those findings that you're saying were not included? Well, respectfully, yes, because the court was recognizing a new exception to FOIA's fee provision that no court has ever recognized, saying that when one group represents another and they have some links, that's enough to justify denying them fees. These three lawyers, they were employees of Liberty Justice Center, correct? That's correct. Were they being paid? Yes. Yes, that's correct. They were lawyers employed by and paid by Liberty Justice Center. Okay. Did Liberty Justice Center bill Illinois policy for the legal work? No, it did not, Your Honor. If you were to prevail here and then on remand get $9,200 and change whatever it was, where is that money going to go, to the lawyers, or does it go to the Illinois policy? That would go to the Liberty Justice Center as compensation for the resources that it expended in representing Illinois policy in this lawsuit. Okay, I'm not following that. The plaintiff is, have I got something mixed up here? The plaintiff is the Illinois Policy Institute, right? That's correct. They're seeking to recover attorney fees that they, in theory, had to spend in order to pursue this claim, right? Am I saying that correctly? Well, they didn't have to expend the money because the representation is pro bono. But courts have consistently held that where a statute awards attorney fees to a prevailing plaintiff, it doesn't matter whether the representation was pro bono because the whole purpose of an attorney fee award, including in FOIA in particular, is to make plaintiffs better, more able to bring claims to enforce the statute. And if attorneys that represent clients pro bono couldn't receive fees if they were awarded, they would be much less inclined and able to bring those kinds of suits because they could never be compensated for the resources they expended. And so it serves the purpose of an attorney fee provision to award fees where a party is represented pro bono. And courts have consistently held that. The Department hasn't identified a case in which a statutory fee award was denied because representation was provided pro bono. Courts do consistently hold that parties, or at least frequently hold, that parties representing themselves don't incur fees and therefore can't be compensated for them because there's no attorney-client. There's not even an attorney-client relationship there. But if representation is pro bono, then courts do award statutory attorneys fees. So the trial court didn't explain the rule that it was applying to in making this exception to FOIA's fee provision. And the Department hasn't explained the rule it wants this court to apply either, let alone justify creating a new exception to FOIA's fee provision. And there is no good reason for the court to recognize a new exception here. First of all, the plain language of FOIA just says that if a plaintiff prevails, the court shall award such person reasonable attorney's fees and costs. It doesn't have any exceptions. And the Illinois Supreme Court has only ever recognized one exception to FOIA. But that gets back to my point a moment ago. This award is not for the benefit of the plaintiff here that you're seeking, right? I mean, that's what you just indicated. Well, it will compensate the attorneys, as attorney fee awards always do, including in every situation where attorneys are representing a client pro bono and the plaintiff is going to pay those fees over to the attorney for that pro bono representation. That's the way it works under federal law. In 1983 lawsuits, representation is pro bono. And that's the way it apparently works under any statute that provides for an award of attorney's fees. Where attorneys represent a client pro bono, the plaintiff can get attorney's fees because that serves the statute's interest and having the interest behind the statute and having it enforced. And it also, of course, supports the public policy in favor of encouraging lawyers to engage in pro bono representation by making it affordable for them to do that. Is that interpretation consistent with Hamer or Hammer, I'm not sure how you pronounce it, versus Lentz, which is an Illinois Supreme Court case? Yes. And Hamer identified three reasons to not award fees to an attorney representing himself in a FOIA case. And none of those reasons apply here. One reason was because pros say attorneys don't incur fees. And that's true. An attorney representing himself or herself cannot incur fees owed to himself or herself because there's no attorney-client relationship there. In the absence of an attorney-client relationship, it's impossible for someone to incur attorney's fees. But that's certainly not impossible under a situation where you have attorneys employed by one organization representing another organization. And that's true whether the organizations have some links between them or not. There certainly could be fees incurred, whether that's under a billing arrangement where they're going to pay a flat fee or pay by the hour, or whether it's a contingency for its fee sort of arrangement where the attorneys will only be paid in the event that the plaintiff succeeds and is awarded fees. The department argues that the Liberty Justice Center shouldn't receive fees in this case because Illinois policy wasn't forced or didn't have to pay it any fees to get it to take this case. And therefore, fees weren't a barrier to Illinois policy pursuing this claim, just as they're not to a pros say attorney pursuing his claim. But that can't be right because, again, if that were right, then no party represented pro bono would ever be able to get attorney's fees. And that would disserve the purpose of FOIA's fee provision, which is to make it easier for plaintiffs to find counsel and bring claims that have merit. And also, if attorneys were less available, if attorneys were less inclined to provide pro bono representation in FOIA cases, that would presumably cause more plaintiffs to pursue their claims pro se, which is exactly what the court was trying to avoid in Hamer. The second reason the court gave in Hamer... Well, the Nebraska Supreme Court, I believe it's Black v. Brooks, I think I'm saying that in the right order, said it covered it pretty well in saying and pointing out that no court that they could find had ever denied a statutory fee award on the basis that a party was represented pro bono. And it points out the good reasons why attorneys who represent clients pro bono should receive fees, because it serves public policy. And there's a Wisconsin decision we cite also that, I think it's called Richland School District, that goes into those public policy reasons as well, why pro bono attorneys should receive... I'm having a hard time making the distinction of a lawyer who represents himself or herself with a party that is represented pro bono. To me, those are very, very similar. Well, the second and third factors help illustrate why there is a difference. And the second factor that the court cited in Hamer was that denying fees to attorneys representing themselves would encourage those attorney plaintiffs to go seek legal counsel to get advice, objective legal advice, on whether their claim has merit before they go to court, which would help weed out claims that aren't meritorious. But that doesn't apply here in this kind of situation, because Illinois policy did go and seek legal counsel. And so it's not the same. It wouldn't serve that purpose to deny fees in this type of situation where there is an attorney-client relationship. Now, the department argues that the advice that the plaintiff would get in this situation where they're going to attorneys from an allegedly linked organization wouldn't be objective because of the links between the two. But that's really contrary to the way that the courts look at the attorney-client relationship in general, including the U.S. Supreme Court, which has said that where there's that attorney-client relationship, you presume that the attorney is going to be objective, because when an attorney has a client, that's always their responsibility to provide that kind of advice, whether they're in-house counsel, or whether they're employed by a linked organization, or whether they're outside counsel. An attorney's obligation to his client is always the same. But that doesn't exist where you just have an attorney representing himself. The third reason that the Hamer Court cited in denying fees to attorneys representing themselves was that allowing fees would create the risk of attorneys with inactive practices pursuing cases just to make money, not because they're actually interested in obtaining public records. But there isn't a significant risk of that occurring in this type of situation, where you have one nonprofit organization representing another. One reason is because these are nonprofit organizations, and federal law requires them to pursue their educational and charitable missions. They can't devote all their efforts to pursuing FOIA claims to make money. Now, it's true, of course, that nonprofit organizations engage in fundraising in various ways, but there's no reason to believe that they're at all likely to pursue FOIA lawsuits as a way of making money. For one, it's highly speculative, because you don't know whether a FOIA request will be denied, and then you don't know whether the courts will rule that that denial was wrongful. And if you bring a lawsuit, you have out-of-pocket costs, you have to wait a long time, and as this case illustrates, the fee award might not be that large in the end anyway. And so you don't have that same kind of risk that you can imagine if you had an attorney who has a completely inactive practice otherwise and is desperate for money and has nothing else to do. You can imagine that attorney just sitting down at a desk and cranking out FOIA requests and FOIA lawsuits, and maybe he could do that full time and make enough money to get by. But it's very difficult to imagine where you have two nonprofit organizations with nonprofit missions that would have to conspire together to get fees to be paid to one of the two organizations. And if this were a realistic concern, one would think that it would have happened already, that we'd have some example of this ever occurring. But the defendant hasn't identified any instance of this sort of thing ever occurring, but just argues that, well, it theoretically could happen, and so that should be enough to deny fees, the possibility that you could have this kind of abuse. Well, again, going back to if you're ultimately successful in Liberty Justice Center, and the attorney recovers $9,200, your representation to this court is that that's not going to be passed through to the three lawyers, so they'll get that $9,200 plus the salary that they earned during the time that they worked in this case. The money would be paid to the organization, not personally to the lawyers. It would be paid to the firm, in effect. Right, and then it will not then be further passed on to the attorneys. Well, I mean, I would not anticipate... Like a bonus. No, no, I would not anticipate that the attorneys would receive a bonus for having got the fee awards. I don't know if that's ethical or what, but it's not something we'd even consider. Yeah, but you wouldn't consider that because you say you're a separate entity, right? That's correct. The Liberty Justice Center is a separate entity. Okay. And so, I mean, it's not the Illinois Policy Institute's concern, what the Liberty Justice Center does with the money, obviously. It just pays it over because that's the understanding between the two, that an award of attorney's fees would go to the Liberty Justice Center because the Liberty Justice Center provided the representation. You say it's not a concern, so then how can you know what Liberty Justice Center is going to do if they get this recovery? It's not a concern of your client, is what you said. That's right. But, I mean, we have... I mean, it's a little hard to talk about because I am the Liberty Justice Center, so I know what the situation is, but it's not in the record. I mean, these kind of details aren't in the record because there was no reason to develop these kinds of facts. You just confused me. What do you mean you are the Liberty Justice Center? I mean, I am one of the attorneys employed by the Liberty Justice Center, so I know how the Liberty Justice Center operates and what it would do if it received this fee award. Well, maybe that's why the trial court found it sufficiently linked because it sounds like to me you're saying that you are sufficiently linked. You're here representing the Illinois Policy, and you're also representing Liberty Justice Center. Well, I mean, I'm not representing it except in the same sense that any attorney who represents a client who is awarded attorney's fees would represent that client. Okay. You're out of time, counsel. You'll have rebuttal, though. Thank you. Ms. Wunder? One of the arguments that counsel made here was that this case doesn't fall within the scope of Uptown, and that's incorrect. Counsel said, well, we don't have a situation here where there's an organization that's effectively essentially representing itself, and so that makes it different. That's what Uptown was about, and that's not what we have here, and that's not correct. This is a situation where there's an organization that's essentially representing itself, and that's what the circuit court found. That's what the circuit court found in saying, I've weighed this evidence, and these two organizations, Illinois Policy and the Liberty Justice Center, are sufficiently linked that this case falls within the scope of Uptown. That was a factual finding that the circuit court made, and that was what was dealt with. So is that the correct standard, sufficiently linked? I mean, Justice Harris had asked that early on in counsel's argument. I believe it is, and what the circuit court was recognizing there is that the Liberty Justice Center says, well, technically we're a separate organization, so the attorneys are employed by the Liberty Justice Center. Because of that separate incorporation, they're not employed by Illinois Policy, and they use that to say that Uptown's a different case, and what the circuit court was finding was that Uptown doesn't turn on these technicalities of which is literally the employing organization, but in substance there's no meaningful distinction between these entities, and therefore just as in Uptown there's a situation where an organization was essentially representing itself. And there was evidence before the circuit court that amply supported the finding that as a matter of fact these entities, excuse me, these two organizations are not meaningfully distinct. They're not separate and independent. There was evidence to the fact that they share offices, staff, funding. They identify themselves, the Liberty Justice Center identifies itself on its website as the litigation center for Illinois Policy and is powered by Illinois Policy, and based on that evidence, all of which was considered by the circuit court, the circuit court correctly determined that Uptown is triggered here, and as in Uptown this is a case where an organization is essentially representing itself, and then consistent with the holding in Uptown, that organization is not eligible for fees. Isn't one of the key factual distinctions here as compared to Uptown that here the lawyers were salaried employees and Uptown, the Uptown court stated Uptown was not required to spend additional funds specifically for the purpose of pursuing FOIA requests. Isn't that a key distinguishing fact? I don't believe it's a key distinguishing factor, and just as in Uptown the plaintiff here was not required to spend additional attorney's fees just for the purpose of pursuing FOIA requests. Well, exactly, because the Illinois Justice Center apparently is representing them on a pro bono basis. I'd like to get back to the pro bono basis, but to answer your first question, the technicalities of are they literally employees or are they employees of the Illinois policy I think is a technical distinction that the circuit court probably did not give weight to because it looked at the circumstances as a factual matter to say no matter literally who may be called an employee, when you look at all the evidence in the mix, there's no meaningful distinction between these two organizations. Going back to Uptown, the Uptown court indicated in addition to what I had specifically for the purpose of pursuing FOIA requests, went on to state, thus legal fees were never a burden that Uptown was required to overcome in order to pursue its FOIA requests. Here, but for Illinois Justice Center's agreement to perform this service on a pro bono basis, the Illinois Policy Institute would have been required to pay a lawyer to pursue this FOIA request. Is that right? If they had gone with outside counsel and thus incurred fees, that would be a different situation. That's not what they did here. They used attorneys who are really part of, they're one facet of the organization. They get paid a salary and so they're essentially using what's the equivalent of employee attorneys and therefore do not incur legal fees and fall squarely within Uptown and Hamer, which addresses that FOIA's purpose is to remove the burden of legal fees that are actually incurred, which is not the case here when you don't have that type of independent relationship with outside counsel where there is an obligation trigger to pay fees. Here you have what is essentially pro bono representation by an organization, just as there can be pro bono representation by an individual and that would not trigger. Here you would liken this case to Uptown if the two lawyers in Uptown said we're doing this pro bono for Uptown. I know that's not what the circumstances were, but simply because the lawyers indicated that they were going to do it pro bono results in what the trial court eventually did here. You're saying that because they weren't required to pay fees, Illinois Policy Institute loses on its fee request. I'm trying to figure out where you're drawing the distinction between a situation where you have a client being responsible for paying attorney's fees and that firm basically saying no, we'll do it pro bono and that the client being entitled to fees under FOIA. In this situation where you're saying there's a linkage between the two, we've got to look past this facade that's being represented to us that they're doing it on a pro bono basis and really they're one and the same. I'm just having a tough time trying to draw the distinction in my mind. How do we do this? I believe there's two concepts here and here in addition to issues of pro bono representation, I think that's something else. There's another level here that's more fundamental which is that there's self-representation here. Let me stop you for a moment. Would it make a difference if the Illinois Justice Center was actually charging a fee to Illinois Policy Institute? There was no pro bono representation.  I think if they actually incurred attorney's fees that they then had to pay, that would be a different situation. Do we have this in the record as to which way it is? I know counsel made a statement during his presentation here in regards to what the situation is, but before the court below was it established as to whether or not the law firm was doing this on a pro bono basis? I think it's clear from the record that there are no attorney's fees that are going to be paid to attorneys in some otherwise that would have been developed. And it's their burden since they were seeking attorney's fees to put on evidence that would show yes, there were fees here that were really incurred. They've never done that or suggested that. What would they have to establish? That they sent billing statements to Illinois Policy Institute? Something like that would take care of it. It was never really an issue below that. I think it was essentially conceded that these are not fees that are going to be paid by or that the client has an obligation to pay. It would seem to be an easy thing to remedy from that standpoint in future cases where they would just simply in other cases submit billing statements. Whether or not they truly expected to be compensated, they could say hey, we're not doing this on a pro bono basis. We're actually billing. We're just not going to collect. But if there's actual billing, then that is a different situation here. But all of that is somewhat different from the situation that we have here that even more fundamentally puts this case squarely within the ambit of Hamer and Uptown, which is there's a situation here of pro se representation. And we have to think of that distinctly from pro bono representation. Pro bono representation might be a legal aid society or a law firm, an outside independent entity saying okay, we will represent you on a pro bono basis. I would say that because fees are not actually incurred there, that is not even enough to trigger a fee award. But we don't have to go there, and that's a separate case. Here there's a more fundamental problem, and that is that there is pro se representation. This is a case where because there's no meaningful distinction between Liberty Justice Center and Illinois policy, they're really facets of the same thing. So there's no This is just straight up an Uptown case. Yes. And this is what Uptown found. So given that the purpose of FOIA's fees is to remove the obstacle, the fee provision is to remove the obstacle of legal fees, there is no obstacle of legal fees where there's essentially pro se representation, whether by an individual, as was discussed in Hamer, or whether by an organization, as was found in Uptown. And in that model where there is pro se representation, the purposes of awarding attorneys' fees, because fees are not incurred when you're essentially representing yourself. Let's say Liberty Justice did send a bill, and then Illinois policy didn't pay it. Would Liberty Justice Center then be in a position where they could sue Illinois policy for failure to pay the attorney fees? Well, I think that that would be a contractual arrangement between them about their attorneys' fees. Well, you said they're one and the same entity, essentially. So they couldn't sue themselves. So then they probably wouldn't. So the bill would be a farce in that case, actually. I mean, if you're not going to try and collect. Which I think highlights the fact that this isn't a situation where we're really talking about attorneys' fees. An organization that's representing itself doesn't pay itself attorneys' fees. Do you agree with the opposing counsel's argument that if there's pro bono representation, that does not preclude an award of attorney fees in instances such as this? I think that that is arguably a harder question. Ultimately, my position is that even for pro bono representation, which now I'm describing as a different situation than we have here, fees ultimately would not be awarded. There's not eligibility because, again, getting back to Hamer and Uptown. So you disagree with the authority that he cited in response to my question, which I think was a no-brainer. About pro bono representation. In an Illinois case, it says that either appellate court or the Supreme Court talks about pro bono representation and whether such representation could entitle one to attorney fees. In Illinois, no. The counsel does cite cases about pro bono representation still allowing for a fee award. Those are in other contexts. They don't bind this court, and we don't believe they're ultimately persuasive here. I would take a different view even in the pro bono context. But again, those cases are really not persuasive here because we don't need to go to the pro bono context. We have a narrower issue here that involves self-representation. And this is about an organization that is essentially representing itself. And there I think it squarely falls within the authority of Hamer and Uptown that fees would not be recoverable in that situation because fees are not incurred. And this is about removing the burden of legal fees. The other two purposes that the Hamer court and that the Uptown court also noted and considered also come down on the side of finding an organization that represents itself ineligible for a fee award. One of those purposes was the idea of, and I think that the fact that fees are not paid to oneself is really the biggest point. But the other two points or factors that were considered was the idea brought up in Hamer that there's a goal of avoiding the lack of objectivity that comes from self-representation. And I would say that that remains a concern in the context of an organization just as it does for an individual. I don't think that concern is answered by some technical distinction between individual and organizations. And when you essentially have the client and the attorney boiled down to facets of the same thing, there is a question about independent judgment. The third consideration that was addressed in Hamer and applied in the Uptown case was the goal of deterring abusive fee generation. And that's a risk that arises from the pro se nature of the representation. When an organization is essentially representing itself, there is a risk that it can bring suits to engaging in fundraising. And that comes from, the risk comes from the pro se nature of the representation. Because if you're not incurring fees, then that's not an obstacle. And you can bring suits with the aim of generating fees. And counselors said, well, that's sort of complex and why wouldn't we just ask people for money. And that may well be true. But what Hamer was addressing was the potential for this type of risk. And I think that that relates to a pro se representation context, whether it's of an individual or of an organization. So here we have a situation where factually the court was on strong ground in finding that the case falls within the scope of the Uptown case. And the Uptown case, I think, comes out very clearly on the point that fees have to, excuse me, that an organization that's essentially representing itself is ineligible for fees. So the result here falls squarely within Uptown. And for those reasons, the court should follow Uptown here. I'll conclude if there are. Does Illinois Policy have its own lawyers or are all the lawyers employed by Liberty Justice Center? I don't know if they have other lawyers. I don't know under what circumstances they might engage other attorneys to do other things. They may engage outside counsel for some things. They may not. No, I'm asking do they have any employees at Illinois Policy? Or when they need a lawyer, do they always go to Liberty Justice Center? If you don't know. Based on the facts of this case, they look to Liberty Justice Center, which is essentially their litigating arm. These attorneys are the facet of Illinois Policy that litigates. I understand, but you don't know the answer to my question, which is correct? Which is fine. I don't know the answer outside of this case. It appears that. And they describe themselves to the public as these attorneys at the center are their litigating arm. Okay. Thank you, Your Honors. Thank you very much. Is there any rebuttal? It's apparent that the Department's case hinges on the idea that Illinois Policy and the Liberty Justice Center are de facto the same entity. But the record simply cannot support that conclusion. The record contains declarations, sworn declarations from people at both entities and where they spell out the separation of these two organizations. They're legally separate organizations. They have separate boards of directors, which have only one member in common and otherwise have other people on them. Illinois Policy does not control the Liberty Justice Center. It doesn't tell the Liberty Justice Center how to run its litigation, except in its capacity as a client. In cases like this one, it participates. Otherwise, Illinois Policy is not telling Liberty Justice Center how to run its litigation. There's no control there. And the State of Illinois recognizes this separation for every other purpose. So it's really bizarre for the Department to insist that these two organizations are really one and it's a false distinction when all they have to support that are some perhaps carelessly worded statements on websites and that's it, up against specific descriptions of how these organizations operate by the people who are there running these organizations. It makes no sense to credit essentially speculation based on these statements on websites over specific details about how these two organizations operate, from which one could not conclude that they are one organization. They may be, they're allies, they work together on things, but it is impossible to conclude that they're literally the same organization. And it makes no sense for the State of Illinois to treat them as different organizations except under FOIA based on very, very limited evidence that the Department has introduced here. So if that's what their case rests on, then their case has to fail because a court cannot conclude that these entities are one and the same. It's against the manifest weight of the evidence. And also the trial court didn't even make an explicit finding on this. It made sort of a, maybe a mixed finding of law and fact when it said they were sufficiently linked, but it didn't even make specific findings regarding their relationship. So it's impossible to simply say that Uptown controls here because they're the same entity, because they're not the same entity. And so that means this case is really about denying fees to a law firm that represented a client pro bono. And to say that you can't get fees for representing a client pro bono would be extraordinary, possibly unprecedented nationwide, apparently unprecedented nationwide. It would also be extraordinary to deny fees in this case because it would require the court to contradict the plain language of the statute, which just says that plaintiffs get fees. And it would also be extraordinary because it would disregard the legal separation between these two entities that the state of Illinois respects for every other purpose. And so the department hasn't justified taking the extraordinary step of recognizing this new exception to FOIA's fee provision. And for that reason, we respectfully request that the court reverse the trial court's denial of plaintiff's motion for attorney's fees and remand this case so the plaintiffs can get the fee award to which FOIA entitles them. If the court has no more questions. I see none. Thanks to both of you. The case is submitted. The court stands in recess until after lunch.